```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**WILLIAM CHAD FELTS**                                          **PLAINTIFF**

v.                    Civil No.: 5:10-cv-5237

**SHERIFF HELDER**                                              **DEFENDANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's Complaint. (Doc. 1). Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Id.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

For the following reasons, it is the recommendation of the undersigned that the Complaint(Doc. 1), be **DISMISSED** with prejudice for failure to pay the filing fee or apply to proceed *in forma pauperis* ("IFP"), failure to prosecute this action, and for failure to obey an Order of the Court.

**I.    BACKGROUND**

Mr. Felts, Plaintiff herein, filed this case along with an IFP application which was incomplete. Mr. Felts failed to supply the Court with a certification regarding inmate funds held in his name. Accordingly, the District Court Clerk was directed to send Mr. Felts a blank IFP application, and Mr. Felts had until and including December 30, 2010, to file that completed application or

to pay the filing fee.  (Doc.  2).

Mr.  Felts did not timely return his application to proceed IFP, or pay the filing fee in the above-styled case.  No mail was returned to the Court as undeliverable, and moreover, Mr.  Felts has not contacted the Court in any manner to continue to pursue his complaint in the above-styled case.

**II.  APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  F$_{ED}$. R. C$_{IV}$. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for

want of prosecution).

### III.   DISCUSSION

Plaintiff, Mr. Felts, was given time to respond to the Court regarding the filing of his Complaint. (Doc. 2). Plaintiff has failed to file an application to proceed IFP, failed to pay the filing fee, and has not communicated with the Court or pursued prosecution of this case. There has been no returned mail or other indication that Plaintiff has not had adequate warning of the consequences of his failure to pursue this action. (See id.)(specifically stating the case was subject to dismissal if the application to proceed IFP was not returned or the filing fee not paid). This case should be dismissed for failure to pay the filing fee or apply to proceed IFP, failure to prosecute and for failure to follow a court order.

### IV.   CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of**

**fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    **DATED** this **5th day of April 2011.**

                                                             */s/ Erin L.  Setser*
                                                             HON.  ERIN L.  SETSER
                                                             U.S. MAGISTRATE JUDGE